1

**BLUMENTHAL NORDREHAUG BHOWMIK DE BLOUW LLP**
  Norman B. Blumenthal (State Bar #068687)

2

  Kyle R. Nordrehaug (State Bar #205975)
  Aparajit Bhowmik (State Bar #248066)

3

  Nicholas J. De Blouw (State Bar #280922)
2255 Calle Clara

4

La Jolla, CA 92037
Telephone: (858)551-1223

5

Facsimile: (858) 551-1232
Website: www.bamlawca.com

6

Attorneys for Plaintiffs

7

8

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

9

10

11

12

13

14

15

16

17

DOUGLAS PATTON, SALVADOR
REYNOSA, JR., NATALIE HEREDIA and
ALBERTO MUNIZ, individuals, on behalf of
themselves and on behalf of all persons
similarly situated,

            Plaintiffs,

vs.

HOME DEPOT U.S.A., INC., a Corporation;

            Defendant.

Case No. 2:21-CV-01096-WBS-KJN

**FIRST AMENDED CLASS ACTION
COMPLAINT FOR:**

1.  UNFAIR COMPETITION IN
VIOLATION OF CAL. BUS. & PROF.
CODE §§ 17200, *et seq.*;
2.  FAILURE TO PAY OVERTIME WAGES
IN VIOLATION OF CAL. LAB. CODE §§
510, *et seq.*;
3.  FAILURE TO PAY MINIMUM WAGES
IN VIOLATION OF CAL. LAB. CODE §§
1194, 1197 & 1197.1;
4.  FAILURE TO PROVIDE REQUIRED
MEAL PERIODS IN VIOLATION OF CAL.
LAB. CODE §§ 226.7 & 512 AND THE
APPLICABLE IWC WAGE ORDER;
5.  FAILURE TO PROVIDE REQUIRED
REST PERIODS IN VIOLATION OF CAL.
LAB. CODE §§ 226.7 & 512 AND THE
APPLICABLE IWC WAGE ORDER;
6.  FAILURE TO REIMBURSE
EMPLOYEES FOR REQUIRED
EXPENSES IN VIOLATION OF CAL. LAB.
CODE § 2802;
7.  FAILURE TO PROVIDE WAGES
WHEN DUE IN VIOLATION OF CAL.
LAB. CODE §§ 201, 202 AND 203; and,
8. FAILURE TO PROVIDE ACCURATE
ITEMIZED STATEMENTS IN
VIOLATION OF CAL. LAB. CODE § 226.

**DEMAND FOR A JURY TRIAL**

18

19

20

21

22

23

24

25

26

27

28

1

FIRST AMENDED CLASS ACTION COMPLAINT

Plaintiffs Douglas Patton, Salvador Reynosa, Jr., Natalie Heredia and Alberto Muniz ("PLAINTIFFS"), individuals, on behalf of themselves and all other similarly situated current and former employees, allege on information and belief, except for their own acts and knowledge which are based on personal knowledge, the following:

## THE PARTIES

1.    Defendant Home Depot U.S.A., Inc. ("DEFENDANT") is a Corporation and at all relevant times mentioned herein conducted and continues to conduct substantial and regular business throughout California.

2.    DEFENDANT is a home improvement retailer in the United States supplying tools, construction products and services.

3.    Plaintiff Patton has been employed by DEFENDANT in California since August of 2017 and has been at all times classified by DEFENDANT as a non-exempt employee, paid on an hourly basis, and entitled to the legally required meal and rest periods and payment of minimum and overtime wages due for all time worked.

4.    Plaintiff Reynosa  was employed by DEFENDANT in California from January of 2018 to October of 2018 and was at all times classified by DEFENDANT as a non-exempt employee, paid on an hourly basis, and entitled to the legally required meal and rest periods and payment of minimum and overtime wages due for all time worked.

5.    Plaintiff Heredia was employed by DEFENDANT in California from May of 2017 to August of 2017 and was at all times classified by DEFENDANT as a non-exempt employee, paid on an hourly basis, and entitled to the legally required meal and rest periods and payment of minimum and overtime wages due for all time worked.

6.    Plaintiff Muniz  was employed by DEFENDANT in California from August of 2015 to May of 2017 and was at all times classified by DEFENDANT as a non-exempt employee, paid on an hourly basis, and entitled to the legally required meal and rest periods and payment of minimum and overtime wages due for all time worked.

7.    PLAINTIFFS bring this Class Action on behalf of themselves and a California class, defined as all individuals who are or previously were employed by DEFENDANT in a California Distribution Center and classified as non-exempt employees (the "CALIFORNIA CLASS") at any time during the period beginning four (4) years prior to the filing of this Complaint and ending on the date as determined by the Court (the "CALIFORNIA CLASS PERIOD").

8.    PLAINTIFFS bring this Class Action on behalf of themselves and a CALIFORNIA CLASS in order to fully compensate the CALIFORNIA CLASS for their losses incurred during the CALIFORNIA CLASS PERIOD caused by DEFENDANT's policy and practice which failed to lawfully compensate these employees for all their overtime worked. DEFENDANT's policy and practice alleged herein was an unlawful, unfair and deceptive business practice whereby DEFENDANT retained and continues to retain wages due PLAINTIFFS and the other members of the CALIFORNIA CLASS.  PLAINTIFFS and the other members of the CALIFORNIA CLASS seek an injunction enjoining such conduct by DEFENDANT in the future, relief for the named PLAINTIFFS and the other members of the CALIFORNIA CLASS who have been economically injured by DEFENDANT's past and current unlawful conduct, and all other appropriate legal and equitable relief.

## THE CONDUCT

9.    During the CALIFORNIA CLASS PERIOD, DEFENDANT failed to accurately record and pay PLAINTIFFS and other CALIFORNIA CLASS Members for the actual amount of time these employees work.  Pursuant to the Industrial Welfare Commission Wage Orders, DEFENDANT is required to pay PLAINTIFFS and other CALIFORNIA CLASS Members for all time worked, meaning the time during which an employee was subject to the control of an employer, including all the time the employee was permitted or suffered to permit this work. DEFENDANT required PLAINTIFFS and CALIFORNIA CLASS Members to work off the clock without paying them for all the time they were under DEFENDANT's control.  As a result

of their rigorous work schedules, PLAINTIFFS and other CALIFORNIA CLASS Members were from time to time not fully relieved of duty by DEFENDANT for their meal periods and would clock out of DEFENDANT's timekeeping system but continue to work at DEFENDANT's direction during what should have been their off-duty meal period. As a result, PLAINTIFFS and other CALIFORNIA CLASS Members forfeited minimum wages and overtime wage compensation by working without their time being correctly recorded and without compensation at the applicable rates. Further, during the CALIFORNIA CLASS PERIOD, PLAINTIFF and other CALIFORNIA CLASS Members from time to time were not paid wages for all time worked, including overtime wages, such that in the aggregate employees were underpaid wages as a result of DEFENDANT's pattern and practice of unevenly rounding time worked by its employees. DEFENDANT's policy and practice not to pay PLAINTIFFS and other CALIFORNIA CLASS Members for all time worked, is evidenced by DEFENDANT's business records.

10.    DEFENDANT also required PLAINTIFFS and CALIFORNIA CLASS Members to work off the clock without paying them for all the time they were under DEFENDANT's control. PLAINTIFFS and CALIFORNIA CLASS Members would clock out of DEFENDANT's timekeeping system, in order to perform additional work for DEFENDANT as required to meet DEFENDANT's job requirements. Specifically, during the CALIFORNIA CLASS PERIOD, DEFENDANT engaged in the practice of requiring PLAINTIFFS and CALIFORNIA CLASS Members to perform work off the clock after clocking out in that DEFENDANT, as a condition of employment, required these employees to wait for and submit to loss prevention inspections after clocking out for meal breaks and at the end of each scheduled shift for which DEFENDANT did not provide compensation for time spent waiting for and submitting to DEFENDANT's loss prevention inspections off the clock. Additionally, DEFENDANT engaged in the practice of requiring Plaintiff Patton and CALIFORNIA CLASS Members to perform work off the clocking that DEFENDANT, as a condition of employment, required these employees to wait in line and submit to mandatory temperature checks for

COVID-19 screening prior to clocking into DEFENDANT's timekeeping system for the workday. As a result, PLAINTIFFS and other CALIFORNIA CLASS Members forfeited minimum wage, overtime wage compensation, and meal break wages, by working without their time being correctly recorded and without compensation at the applicable rates. Further, during the CALIFORNIA CLASS PERIOD, PLAINTIFF and other CALIFORNIA CLASS Members from time to time were not paid wages for all time worked, including overtime wages, such that in the aggregate employees were underpaid wages as a result of DEFENDANT's pattern and practice of unevenly rounding time worked by its employees. DEFENDANT's policy and practice not to pay PLAINTIFFS and other CALIFORNIA CLASS Members for all time worked, is evidenced by DEFENDANT's business records.

11. State law provides that employees must be paid overtime and meal and rest break premiums at one-and-one-half times their "regular rate of pay." PLAINTIFFS and other CALIFORNIA CLASS Members were compensated at an hourly rate plus incentive pay that was tied to specific elements of an employee's performance.

12. The second component of PLAINTIFFS' and other CALIFORNIA CLASS Members' compensation was DEFENDANT's non-discretionary incentive program that paid PLAINTIFFS and other CALIFORNIA CLASS Members incentive wages based on their performance for DEFENDANT. The non-discretionary incentive program provided all employees paid on an hourly basis with incentive compensation when the employees met the various performance goals set by DEFENDANT. However, when calculating the regular rate of pay in order to pay overtime and meal and rest break premiums to PLAINTIFFS and other CALIFORNIA CLASS Members, DEFENDANT failed to include the incentive compensation as part of the employees' "regular rate of pay" for purposes of calculating overtime pay and meal and rest break premium pay. Management and supervisors described the incentive program to potential and new employees as part of the compensation package. As a matter of law, the incentive compensation received by PLAINTIFFS and other CALIFORNIA CLASS Members must be included in the "regular rate of pay." The failure to do so has resulted in an

1  underpayment of overtime compensation and meal and rest break premium pay to PLAINTIFFS
2  and other CALIFORNIA CLASS Members by DEFENDANT. Further, DEFENDANT
3  underpaid sick pay wages to PLAINTIFFS and other CALIFORNIA CLASS Members by
4  failing to pay such wages at the regular rate of pay.  Specifically, PLAINTIFFS and other non-
5  exempt employees regularly earn non-discretionary remuneration, including but not limited to,
6  incentives, shift differential pay, and bonuses.  Rather than pay sick pay at the regular rate of
7  pay, DEFENDANT underpaid sick pay to PLAINTIFFS and other CALIFORNIA CLASS
8  Members at their base rates of pay.

9        13.    In violation of the applicable sections of the California Labor Code and the
10  requirements of the Industrial Welfare Commission ("IWC") Wage Order, DEFENDANT
11  intentionally and knowingly failed to compensate PLAINTIFFS and the other members of the
12  CALIFORNIA CLASS at the correct rate of pay for all overtime worked.  This policy and
13  practice of DEFENDANT was intended to purposefully avoid the payment of the correct
14  overtime compensation as required by California law which allowed DEFENDANT to illegally
15  profit and gain an unfair advantage over competitors who complied with the law.  To the extent
16  equitable tolling operates to toll claims by the CALIFORNIA CLASS against DEFENDANT,
17  the CALIFORNIA CLASS PERIOD should be adjusted accordingly.

18        14.    As a result of their rigorous work schedules, PLAINTIFFS and other
19  CALIFORNIA CLASS Members were also from time to time unable to take off duty meal
20  breaks and were not fully relieved of duty for meal periods.  PLAINTIFFS and other
21  CALIFORNIA CLASS Members were from time to time required to perform work as ordered
22  by DEFENDANT for more than five (5) hours during a shift without receiving an off-duty meal
23  break.  Further, DEFENDANT failed to provide PLAINTIFFS and CALIFORNIA CLASS
24  Members with a second off-duty meal period from time to time in which these employees are
25  required by DEFENDANT to work ten (10) hours of work from time to time. PLAINTIFFS and
26  the other CALIFORNIA CLASS Members therefore forfeit meal breaks without additional
27  compensation and in accordance with DEFENDANT's corporate policy and practice.

28
FIRST AMENDED CLASS ACTION COMPLAINT

15.     During the CALIFORNIA CLASS PERIOD, PLAINTIFFS and other CALIFORNIA CLASS Members were also from time to time required to work in excess of four (4) hours without being provided ten (10) minute rest periods.  Further, these employees are denied their first rest periods of at least ten (10) minutes for some shifts worked of at least two (2) to four (4) hours, a first and second rest period of at least ten (10) minutes for some shifts worked of between six (6) and eight (8) hours, and a first, second and third rest period of at least ten (10) minutes for some shifts worked of ten (10) hours or more from time to time. PLAINTIFFS and other CALIFORNIA CLASS Members are also not provided with one hour wages in lieu thereof.  As a result of their rigorous work schedules, PLAINTIFFS and other CALIFORNIA CLASS Members are periodically denied their proper rest periods by DEFENDANT and DEFENDANT's managers.  Additionally, the applicable California Wage Order requires employers to provide employees with off-duty rest periods, which the California Supreme Court defined as time during which an employee is relieved from all work related duties and free from employer control.  In so doing, the Court held that the requirement under California law that employers authorize and permit all employees to take rest period means that employers must relieve employees of all duties and relinquish control over how employees spend their time which includes control over the locations where employees may take their rest period.  Employers cannot impose controls that prohibit an employee from taking a brief walk - five minutes out, five minutes back.  Here, DEFENDANT's policy restricted PLAINTIFFS and other CALIFORNIA CLASS Members from unconstrained walks and required these employees to remain on DEFENDANT's premises under DEFENDANT's control during what should have been their paid, off duty rest periods.

16.     DEFENDANT intentionally and knowingly failed to reimburse and indemnify PLAINTIFFS and the other CALIFORNIA CLASS Members for required business expenses incurred by PLAINTIFFS and other CALIFORNIA CLASS Members in direct consequence of discharging their duties on behalf of DEFENDANT.  Under California Labor Code Section 2802, employers are required to indemnify employees for all expenses incurred in the course

and scope of their employment. Cal. Lab. Code § 2802 expressly states that "an employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful."

17.    In the course of their employment PLAINTIFFS and other CALIFORNIA CLASS Members as a business expense, were required by DEFENDANT to use their own personal cellular phones as a result of and in furtherance of their job duties as employees for DEFENDANT but were not reimbursed or indemnified by DEFENDANT for the cost associated with the use of their personal cellular phones for DEFENDANT's benefit. Specifically, PLAINTIFFS and other CALIFORNIA CLASS Members were required by DEFENDANT to use their personal cellular phones to for work related issues. As a result, in the course of their employment with DEFENDANT, PLAINTIFFS and other members of the CALIFORNIA CLASS incurred unreimbursed business expenses which included, but were not limited to, costs related to the use of their personal cellular phones all on behalf of and for the benefit of DEFENDANT.

18.    Cal. Lab. Code § 226 provides that every employer shall furnish each of his or her employees with an accurate itemized wage statement in writing showing, among other things, gross wages earned and all applicable hourly rates in effect during the pay period and the corresponding amount of time worked at each hourly rate. From time to time, DEFENDANT violated Cal. Lab. Code § 226 by failing to provide wage statements that identified the correct gross and net wages earned. Aside, from the violations listed above in this paragraph, DEFENDANT failed to issue to Plaintiff Patton an itemized wage statement that lists all the requirements under California Labor Code 226 *et seq*. As a result, from time to time DEFENDANT provided Plaintiff Patton and the other members of the CALIFORNIA LABOR-SUB CLASS with wage statements which violated Cal. Lab. Code § 226.

19.    Specifically as to PLAINTIFFS' pay, DEFENDANT provided compensation to

them in the form of two components. One component of PLAINTIFFS' compensation was a base hourly wage. The second component of PLAINTIFFS' compensation was non-discretionary incentive wages as described above. DEFENDANT paid the incentive wages, so long as PLAINTIFFS met certain predefined performance requirements. PLAINTIFFS met DEFENDANT's predefined eligibility performance requirements in various pay periods throughout their employment with DEFENDANT and DEFENDANT paid PLAINTIFFS the incentive wages. During these pay periods in which PLAINTIFFS were paid the non-discretionary incentive wages by DEFENDANT, PLAINTIFFS also worked overtime and/or were paid meal and/or rest period premium pay for DEFENDANT, but DEFENDANT never included the incentive compensation in PLAINTIFFS' regular rate of pay for the purposes of calculating what should have been PLAINTIFFS' accurate overtime rate and meal and rest premium rate and thereby underpaid PLAINTIFFS for overtime worked ande meal and rest period premium pay throughout their employment with DEFENDANT. The incentive compensation paid by DEFENDANT constituted wages within the meaning of the California Labor Code and thereby should have been part of PLAINTIFFS' "regular rate of pay." PLAINTIFFS were also from time to time unable to take off duty meal and rest breaks and were not fully relieved of duty for their meal periods. PLAINTIFFS were required to perform work as ordered by DEFENDANT for more than five (5) hours during a shift without receiving an off-duty meal break and/or PLAINTIFFS were also from time to time interrupted and performed work for DEFENDANT during what should have been PLAINTIFFS' off duty meal and rest periods. Further, DEFENDANT failed to provide PLAINTIFFS with a second off-duty meal period from time to time in which they were required by DEFENDANT to work ten (10) hours of work. PLAINTIFFS therefore forfeited meal and rest breaks without additional compensation and in accordance with DEFENDANT's corporate policy and practice. To date, DEFENDANT has not fully paid PLAINTIFFS the wages still owed to them or any waiting time penalties owed to them under Cal. Lab. Code § 203. The amount in controversy for PLAINTIFFS individually does not exceed the sum or value of $75,000.

1

**JURISDICTION AND VENUE**

2    20.    This action is brought as a Class Action on behalf of PLAINTIFFS and similarly

3    situated employees of DEFENDANT pursuant to  Fed R. Civ. Proc. 23(b)(2) and/or (3).

4    21.    Venue is proper in this Court and judicial district pursuant to 28 U.S.C. § 1391

5    because (i) DEFENDANT conducts and conducted substantial business within this judicial

6    district and maintains offices in this judicial district, (ii) the causes of action alleged herein arise

7    in whole or in part in this judicial district, and (iii) DEFENDANT committed wrongful conduct

8    against members of this class in this district.  Venue is also proper in this district because the

9    complaint was initially filed in the Superior Court of California, County of Sacramento, but was

10   later removed by DEFENDANT to this Court.

11

12

**THE CALIFORNIA CLASS**

13   22.    PLAINTIFFS bring the First Cause of Action for Unfair, Unlawful and Deceptive

14   Business Practices pursuant to Cal. Bus. & Prof. Code §§ 17200, *et seq*. (the "UCL") as a Class

15   Action, pursuant to Fed R. Civ. Proc. 23(b)(2) and/or (3), on behalf of a California class,

16   defined as all individuals who are or previously were employed by DEFENDANT in a

17   California Distribution Center and classified as non-exempt Warehouse Associate employees

18   (the "CALIFORNIA CLASS") at any time during the period beginning four (4) years prior to

19   the filing of this Complaint and ending on the date as determined by the Court (the

20   "CALIFORNIA CLASS PERIOD").  To the extent equitable tolling operates to toll claims by

21   the CALIFORNIA CLASS against DEFENDANT, the CALIFORNIA CLASS PERIOD should

22   be adjusted accordingly.

23   23.    The California Legislature has commanded that "all wages... ...earned by any

24   person in any employment are due and payable twice during each calendar month, on days

25   designated in advance by the employer as the regular paydays",  and further that  "[a]ny work

26   in excess of eight hours in one workday and any work in excess of 40 hours in any one

27   workweek . . . shall be compensated at the rate of no less than one and one-half times the

28

FIRST AMENDED CLASS ACTION COMPLAINT

1    regular rate of pay for an employee." (Lab. Code § 204 and § 510(a).)  The Industrial Welfare

2    Commission (IWC), however, is statutorily authorized to "establish exemptions from the

3    requirement that an overtime rate of compensation be paid... ...for executive, administrative, and

4    professional employees, provided [inter alia] that the employee is primarily engaged in duties

5    that meet the test of the exemption, [and] customarily and regularly exercises discretion and

6    independent judgment in performing those duties..."  (Lab. Code § 510(a).)  Neither the

7    PLAINTIFFS nor the other members of the CALIFORNIA CLASS and/or the CALIFORNIA

8    LABOR SUB-CLASS qualify for exemption from the above requirements.

9        24.    DEFENDANT, in violation of the applicable Labor Code, Industrial Welfare

10   Commission ("IWC") Wage Order requirements, and the applicable provisions of California

11   law, intentionally, knowingly, and wilfully, engaged in a practice whereby DEFENDANT failed

12   to correctly calculate and record minimum wage, and overtime compensation for all time

13   worked by PLAINTIFFS and the other members of the CALIFORNIA CLASS, even though

14   DEFENDANT enjoyed the benefit of this work, required employees to perform this work and

15   permitted or suffered to permit this work.

16       25.    DEFENDANT has the legal burden to establish that each and every

17   CALIFORNIA CLASS Member is paid the applicable rate for all overtime worked and to

18   accurately calculate the compensation that PLAINTIFFS and members of the CALIFORNIA

19   CLASS were awarded by DEFENDANT.  DEFENDANT, however, failed to have in place

20   during the CALIFORNIA CLASS PERIOD and still failed to have in place a policy or practice

21   to ensure that each and every CALIFORNIA CLASS Member was paid the applicable overtime

22   rate for all overtime worked, so as to satisfy their burden.  This common business practice

23   applicable to each and every CALIFORNIA CLASS Member can be adjudicated on a class-

24   wide basis as unlawful, unfair, and/or deceptive under Cal. Business & Professions Code §§

25   17200, *et seq*. (the "UCL") as causation, damages, and reliance are not elements of this claim.

26       26.    At no time during the CALIFORNIA CLASS PERIOD was the compensation for

27   any member of the CALIFORNIA CLASS properly recalculated so as to compensate the

28

employee for all overtime worked at the applicable rate, as required by California Labor Code §§ 204 and 510, *et seq*. At no time during the CALIFORNIA CLASS PERIOD was the overtime compensation for any member of the CALIFORNIA CLASS properly recalculated so as to include all earnings in the overtime compensation calculation as required by California Labor Code §§ 510, *et seq*.

27. The CALIFORNIA CLASS, is so numerous that joinder of all CALIFORNIA CLASS Members is impracticable.

28. DEFENDANT violated the rights of the CALIFORNIA CLASS under California law by:

    (a) Violating the California Unfair Competition Laws, Cal. Bus. & Prof. Code §§ 17200, *et seq.*, by unlawfully, unfairly and/or deceptively having in place company policies, practices and procedures that failed to pay all wages due the CALIFORNIA CLASS for all overtime worked, and failed to accurately record the applicable rates of all overtime worked by the CALIFORNIA CLASS;

    (b) Committing an act of unfair competition in violation of the California Unfair Competition Laws, Cal. Bus. & Prof. Code §§ 17200, *et seq.*, by unlawfully, unfairly, and/or deceptively having in place a company policy, practice and procedure that failed to correctly calculate overtime compensation due to PLAINTIFFS and the members of the CALIFORNIA CLASS;

    (c) Committing an act of unfair competition in violation of the California Unfair Competition Laws, Cal. Bus. & Prof. Code §§ 17200, *et seq.*, by failing to provide mandatory meal and/or rest breaks to PLAINTIFFS and the CALIFORNIA CLASS members;

    (d) Committing an act of unfair competition in violation of the California Unfair Competition Laws, Cal. Bus. & Prof. Code §§ 17200, *et seq.*, by

unlawfully, unfairly and deceptively having in place company policies, practices and procedures that denied PLAINTIFFS and the members of the CALIFORNIA CLASS the correct minimum wages and otherwise violated applicable law; and,

(e)    Committing an act of unfair competition in violation of the California Unfair Competition Laws, Cal. Bus. & Prof. Code §§ 17200 *et seq.*, by violating Cal. Lab. Code § 2802 by failing to reimburse PLAINTIFFS and the CALIFORNIA CLASS members with necessary expenses incurred in the discharge of their job duties.

29.    This Class Action meets the statutory prerequisites for the maintenance of a Class Action as set forth in Fed R. Civ. Proc. 23(b)(2) and/or (3), in that:

(a)    The persons who comprise the CALIFORNIA CLASS are so numerous that the joinder of all such persons is impracticable and the disposition of their claims as a class will benefit the parties and the Court;

(b)    Nearly all factual, legal, statutory, declaratory and injunctive relief issues that are raised in this Complaint are common to the CALIFORNIA CLASS will apply to every member of the CALIFORNIA CLASS;

(c)    The claims of the representative PLAINTIFFS are typical of the claims of each member of the CALIFORNIA CLASS. PLAINTIFFS, like all the other members of the CALIFORNIA CLASS, are subjected to the employment practices of DEFENDANT and are non-exempt employees paid on an hourly basis who have been subjected to the DEFENDANT's practice and policy described herein. PLAINTIFFS sustained economic injury as a result of DEFENDANT's employment practices. PLAINTIFFS and the members of the CALIFORNIA CLASS were and are similarly or identically harmed by the same unlawful, deceptive, and unfair  misconduct engaged in by DEFENDANT; and,

FIRST AMENDED CLASS ACTION COMPLAINT

(d)    The representative PLAINTIFFS will fairly and adequately represent and protect the interest of the CALIFORNIA CLASS, and have retained counsel who are competent and experienced in Class Action litigation. There are no material conflicts between the claims of the representative PLAINTIFFS and the members of the CALIFORNIA CLASS that would make class certification inappropriate. Counsel for the CALIFORNIA CLASS will vigorously assert the claims of all CALIFORNIA CLASS Members.

30.    In addition to meeting the statutory prerequisites to a Class Action, this action is properly maintained as a Class Action pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3), in that:

(a)    Without class certification and determination of declaratory, injunctive, statutory and other legal questions within the class format, prosecution of separate actions by individual members of the CALIFORNIA CLASS will create the risk of:

1)    Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA CLASS which would establish incompatible standards of conduct for the parties opposing the CALIFORNIA CLASS; and/or,

2)    Adjudication with respect to individual members of the CALIFORNIA CLASS which would as a practical matter be dispositive of interests of the other members not party to the adjudication or substantially impair or impede their ability to protect their interests.

(b)    The parties opposing the CALIFORNIA CLASS have acted or refused to act on grounds generally applicable to the CALIFORNIA CLASS, making appropriate class-wide relief with respect to the CALIFORNIA CLASS

as a whole in that DEFENDANT failed to pay all wages due. Including the correct overtime rate, for all worked by the members of the CALIFORNIA CLASS as required by law;

1)      With respect to the First Cause of Action, the final relief on behalf of the CALIFORNIA CLASS sought does not relate exclusively to restitution because through this claim PLAINTIFFS seek declaratory relief holding that the DEFENDANT's policy and practices constitute unfair competition, along with declaratory relief, injunctive relief, and incidental equitable relief as may be necessary to prevent and remedy the conduct declared to constitute unfair competition;

(c)    Common questions of law and fact exist as to the members of the CALIFORNIA CLASS, with respect to the practices and violations of California law as listed above, and predominate over any question affecting only individual CALIFORNIA CLASS Members, and a Class Action is superior to other available methods for the fair and efficient adjudication of the controversy, including consideration of:

1)      The interests of the members of the CALIFORNIA CLASS in individually controlling the prosecution or defense of separate actions in that the substantial expense of individual actions will be avoided to recover the relatively small amount of economic losses sustained by the individual CALIFORNIA CLASS Members when compared to the substantial expense and burden of individual prosecution of this litigation;

2)      Class certification will obviate the need for unduly duplicative litigation that would create the risk of:

A.      Inconsistent or varying adjudications with respect to

FIRST AMENDED CLASS ACTION COMPLAINT

individual members of the CALIFORNIA CLASS, which would establish incompatible standards of conduct for the DEFENDANT; and/or,

B.    Adjudications with respect to individual members of the CALIFORNIA CLASS would as a practical matter be dispositive of the interests of the other members not parties to the adjudication or substantially impair or impede their ability to protect their interests;

3)    In the context of wage litigation because a substantial number of individual CALIFORNIA CLASS Members will avoid asserting their legal rights out of fear of retaliation by DEFENDANT, which may adversely affect an individual's job with DEFENDANT or with a subsequent employer, the Class Action is the only means to assert their claims through a representative; and,

4)    A class action is superior to other available methods for the fair and efficient adjudication of this litigation because class treatment will obviate the need for unduly and unnecessary duplicative litigation that is likely to result in the absence of certification of this action pursuant to Fed R. Civ. Proc. 23(b)(2) and/or (3).

31.    This Court should permit this action to be maintained as a Class Action pursuant to Fed R. Civ. Proc. 23(b)(2) and/or (3) because:

(a)    The questions of law and fact common to the CALIFORNIA CLASS predominate over any question affecting only individual CALIFORNIA CLASS Members because the DEFENDANT's employment practices are applied with respect to the CALIFORNIA CLASS;

(b)    A Class Action is superior to any other available method for the fair and efficient adjudication of the claims of the members of the CALIFORNIA

16

CLASS because in the context of employment litigation a substantial number of individual CALIFORNIA CLASS Members will avoid asserting their rights individually out of fear of retaliation or adverse impact on their employment;

(c) The members of the CALIFORNIA CLASS are so numerous that it is impractical to bring all members of the CALIFORNIA CLASS before the Court;

(d) PLAINTIFFS, and the other CALIFORNIA CLASS Members, will not be able to obtain effective and economic legal redress unless the action is maintained as a Class Action;

(e) There is a community of interest in obtaining appropriate legal and equitable relief for the acts of unfair competition, statutory violations and other improprieties, and in obtaining adequate compensation for the damages and injuries which DEFENDANT's actions have inflicted upon the CALIFORNIA CLASS;

(f) There is a community of interest in ensuring that the combined assets of DEFENDANT are sufficient to adequately compensate the members of the CALIFORNIA CLASS for the injuries sustained;

(g) DEFENDANT has acted or refused to act on grounds generally applicable to the CALIFORNIA CLASS, thereby making final class-wide relief appropriate with respect to the CALIFORNIA CLASS as a whole;

(h) The members of the CALIFORNIA CLASS are readily ascertainable from the business records of DEFENDANT; and,

(i) Class treatment provides manageable judicial treatment calculated to bring a efficient and rapid conclusion to all litigation of all wage and hour related claims arising out of the conduct of DEFENDANT as to the members of the CALIFORNIA CLASS.

32.     DEFENDANT maintains records from which the Court can ascertain and identify by job title each of DEFENDANT's employees who as have been intentionally subjected to DEFENDANT's conduct as herein alleged.  PLAINTIFFS will seek leave to amend the Complaint to include any additional job titles of similarly situated employees when they have been identified.

## THE CALIFORNIA LABOR SUB-CLASS

33.     Plaintiff Reynosa further brings the Second, Third, Fourth, Fifth, Sixth, Seventh and Eighth causes of Action on behalf of a California sub-class, defined as all members of the CALIFORNIA CLASS employed by DEFENDANT in a California Distribution Center and classified as non-exempt Warehouse Associate employees (the "CALIFORNIA LABOR SUB-CLASS") at any time during the period three (3) years prior to the filing of the complaint and ending on the date as determined by the Court (the "CALIFORNIA LABOR SUB-CLASS PERIOD") pursuant to Fed R. Civ. Proc. 23(b)(2) and/or (3).

34.     DEFENDANT, in violation of the applicable Labor Code, Industrial Welfare Commission ("IWC") Wage Order requirements, and the applicable provisions of California law, intentionally, knowingly, and wilfully, engaged in a practice whereby DEFENDANT failed to correctly calculate minimum wage and overtime compensation for the all time worked by Plaintiff Reynosa and the other members of the CALIFORNIA LABOR SUB-CLASS, even though DEFENDANT enjoyed the benefit of this work, required employees to perform this work and permitted or suffered to permit this work.    DEFENDANT    denied these CALIFORNIA LABOR SUB-CLASS Members wages at the correct amount to which these employees are entitled in order to unfairly cheat the competition and unlawfully profit.  To the extent equitable tolling operates to toll claims by the CALIFORNIA LABOR SUB-CLASS against DEFENDANT, the CALIFORNIA LABOR SUB-CLASS PERIOD should be adjusted accordingly.

35.     DEFENDANT maintains records from which the Court can ascertain and identify

by name and job title, each of DEFENDANT's employees who have been intentionally subjected to DEFENDANT's conduct as herein alleged.  Plaintiff Reynosa will seek leave to amend the complaint to include any additional job titles of similarly situated employees when they have been identified.

36.    The CALIFORNIA LABOR SUB-CLASS is so numerous that joinder of all CALIFORNIA LABOR SUB-CLASS Members is impracticable.

37.    Common questions of law and fact exist as to members of the CALIFORNIA LABOR SUB-CLASS, including, but not limited, to the following:

(a)    Whether DEFENDANT unlawfully failed to correctly calculate and pay overtime wages and minimum wages to members of the CALIFORNIA LABOR SUB-CLASS in violation of the California Labor Code and California regulations and the applicable California Wage Order;

(b)    Whether the members of the CALIFORNIA LABOR SUB-CLASS were entitled to overtime compensation for overtime worked under the overtime pay requirements of California law;

(c)    Whether DEFENDANT failed to accurately record the applicable overtime rates for all overtime worked Plaintiff Reynosa and the other members of the CALIFORNIA LABOR SUB-CLASS;

(d)    Whether DEFENDANT failed to provide Plaintiff Reynosa and the other members of the CALIFORNIA LABOR SUB-CLASS with legally required uninterrupted thirty (30) minute meal breaks and rest periods;

(e)    Whether DEFENDANT failed to provide Plaintiff Reynosa and the other members of the CALIFORNIA LABOR SUB-CLASS with accurate itemized wage statements;

(f)    Whether DEFENDANT engaged in unfair competition by the above-listed conduct;

(g)    The proper measure of damages and penalties owed to the members of the

19

1          CALIFORNIA LABOR SUB-CLASS; and,

2          (h)    Whether DEFENDANT's conduct was willful.

3          38.    DEFENDANT violated the rights of the CALIFORNIA LABOR SUB-CLASS

4    under California law by:

5          (a)    Violating Cal. Lab. Code §§ 510, *et seq*., by failing to accurately pay

6                 Plaintiff Reynosa and the members of the CALIFORNIA LABOR SUB-

7                 CLASS the correct overtime pay for which DEFENDANT is liable

8                 pursuant to Cal. Lab. Code § 1194 & § 1198;

9          (b)    Violating Cal. Lab. Code §§ 1194, 1197 & 1197.1 *et seq*., by failing to

10                accurately pay the Plaintiff Reynosa and the members of the

11                CALIFORNIA LABOR SUB-CLASS the correct minimum wage for

12                which DEFENDANT is liable pursuant to Cal. Lab. Code §§ 1194 and

13                1197, and 1197.1;

14         (c)    Violating Cal. Lab. Code §§ 226.7 and 512, by failing to provide Plaintiff

15                Reynosa and the other members of the CALIFORNIA LABOR SUB-

16                CLASS all legally required off-duty, uninterrupted thirty (30) minute meal

17                breaks and the legally required rest breaks;

18         (d)    Violating Cal. Lab. Code §§ 201, 202 and/or 203, which provides that

19                when an employee is discharged or quits from employment, the employer

20                must pay the employee all wages due without abatement, by failing to

21                tender full payment and/or restitution of wages owed or in the manner

22                required by California law to the members of the CALIFORNIA LABOR

23                SUB-CLASS who have terminated their employment; and,

24         (e)    Committing an act of unfair competition in violation of the California

25                Unfair Competition Laws, Cal. Bus. & Prof. Code §§ 17200 *et seq.*, by

26                violating Cal. Lab. Code § 2802 by failing to reimburse Plaintiff Reynosa

27                and the CALIFORNIA LABOR SUB-CLASS members with necessary

28

1      expenses incurred in the discharge of their job duties.

2      39.    This Class Action meets the statutory prerequisites for the maintenance of a Class

3    Action as set forth in Fed. R. Civ. Proc. 23(b)(2) and/or (3), in that:

4              (a)    The persons who comprise the CALIFORNIA LABOR SUB-CLASS are

5                     so numerous that the joinder of all CALIFORNIA LABOR SUB-CLASS

6                     Members is impracticable and the disposition of their claims as a class

7                     will benefit the parties and the Court;

8              (b)    Nearly all factual, legal, statutory, declaratory and injunctive relief issues

9                     that are raised in this Complaint are common to the CALIFORNIA

10                     LABOR SUB-CLASS and will apply to every member of the

11                     CALIFORNIA LABOR SUB-CLASS;

12              (c)    The claims of the representative Plaintiff Reynosa are typical of the claims

13                     of each member of the CALIFORNIA LABOR SUB-CLASS.  Plaintiff

14                     Reynosa, like all the other members of the CALIFORNIA LABOR SUB-

15                     CLASS, is a non-exempt employee who has been subjected to the

16                     DEFENDANT's practice and policy described herein.  Plaintiff Reynosa

17                     sustained economic injury as a result of DEFENDANT's employment

18                     practices.  Plaintiff Reynosa and the members of the CALIFORNIA

19                     LABOR SUB-CLASS were and are similarly or identically harmed by the

20                     same unlawful, deceptive, and unfair misconduct engaged in by

21                     DEFENDANT; and,

22              (d)    The representative Plaintiff Reynosa will fairly and adequately represent

23                     and protect the interest of the CALIFORNIA LABOR SUB-CLASS, and

24                     has retained counsel who are competent and experienced in Class Action

25                     litigation.  There are no material conflicts between the claims of the

26                     representative Plaintiff Reynosa and the members of the CALIFORNIA

27                     LABOR SUB-CLASS that would make class certification inappropriate.

28

FIRST AMENDED CLASS ACTION COMPLAINT

1    Counsel for the CALIFORNIA LABOR SUB-CLASS will vigorously

2    assert the claims of all CALIFORNIA LABOR SUB-CLASS Members.

3    40.    In addition to meeting the statutory prerequisites to a Class Action, this action is

4    properly maintained as a Class Action pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3), in that:

5    (a)    Without class certification and determination of declaratory, injunctive,

6    statutory and other legal questions within the class format, prosecution of

7    separate actions by individual members of the CALIFORNIA LABOR

8    SUB-CLASS will create the risk of:

9    1)    Inconsistent or varying adjudications with respect to individual

10    members of the CALIFORNIA LABOR SUB-CLASS which

11    would establish incompatible standards of conduct for the parties

12    opposing the CALIFORNIA LABOR SUB-CLASS; or,

13    2)    Adjudication with respect to individual members of the

14    CALIFORNIA LABOR SUB-CLASS which would as a practical

15    matter be dispositive of interests of the other members not party to

16    the adjudication or substantially impair or impede their ability to

17    protect their interests.

18    (b)    The parties opposing the CALIFORNIA LABOR SUB-CLASS have acted

19    or refused to act on grounds generally applicable to the CALIFORNIA

20    LABOR SUB-CLASS, making appropriate class-wide relief with respect

21    to the CALIFORNIA LABOR SUB-CLASS as a whole in that

22    DEFENDANT failed to pay all wages due. Including the correct overtime

23    rate, for all overtime worked by the members of the CALIFORNIA

24    LABOR SUB-CLASS as required by law;

25    (c)    Common questions of law and fact predominate as to the members of the

26    CALIFORNIA LABOR SUB-CLASS, with respect to the practices and

27    violations of California Law as listed above, and predominate over any

28

22

question affecting only individual CALIFORNIA LABOR SUB-CLASS Members, and a Class Action is superior to other available methods for the fair and efficient adjudication of the controversy, including consideration of:

1) The interests of the members of the CALIFORNIA LABOR SUB-CLASS in individually controlling the prosecution or defense of separate actions in that the substantial expense of individual actions will be avoided to recover the relatively small amount of economic losses sustained by the individual CALIFORNIA LABOR SUB-CLASS Members when compared to the substantial expense and burden of individual prosecution of this litigation;

2) Class certification will obviate the need for unduly duplicative litigation that would create the risk of:

A. Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA LABOR SUB-CLASS, which would establish incompatible standards of conduct for the DEFENDANT; and/or,

B. Adjudications with respect to individual members of the CALIFORNIA LABOR SUB-CLASS would as a practical matter be dispositive of the interests of the other members not parties to the adjudication or substantially impair or impede their ability to protect their interests;

3) In the context of wage litigation because a substantial number of individual CALIFORNIA LABOR SUB-CLASS Members will avoid asserting their legal rights out of fear of retaliation by DEFENDANT, which may adversely affect an individual's job with DEFENDANT or with a subsequent employer, the Class

FIRST AMENDED CLASS ACTION COMPLAINT

1    Action is the only means to assert their claims through a

2    representative; and,

3    4)    A class action is superior to other available methods for the fair

4    and efficient adjudication of this litigation because class treatment

5    will obviate the need for unduly and unnecessary duplicative

6    litigation that is likely to result in the absence of certification of

7    this action pursuant to Fed R. Civ. Proc. 23(b)(2) and/or (3).

8    41.    This Court should permit this action to be maintained as a Class Action pursuant

9    to Fed R. Civ. Proc. 23(b)(2) and/or (3) because:

10    (a)    The questions of law and fact common to the CALIFORNIA LABOR

11    SUB-CLASS predominate over any question affecting only individual

12    CALIFORNIA LABOR SUB-CLASS Members;

13    (b)    A Class Action is superior to any other available method for the fair and

14    efficient adjudication of the claims of the members of the CALIFORNIA

15    LABOR SUB-CLASS because in the context of employment litigation a

16    substantial number of individual CALIFORNIA LABOR SUB-CLASS

17    Members will avoid asserting their rights individually out of fear of

18    retaliation or adverse impact on their employment;

19    (c)    The members of the CALIFORNIA LABOR SUB-CLASS are so

20    numerous that it is impractical to bring all members of the CALIFORNIA

21    LABOR SUB-CLASS before the Court;

22    (d)    Plaintiff Reynosa, and the other CALIFORNIA LABOR SUB-CLASS

23    Members, will not be able to obtain effective and economic legal redress

24    unless the action is maintained as a Class Action;

25    (e)    There is a community of interest in obtaining appropriate legal and

26    equitable relief for the acts of unfair competition, statutory violations and

27    other improprieties, and in obtaining adequate compensation for the

28

24

1  damages and injuries which DEFENDANT's actions have inflicted upon
2  the CALIFORNIA LABOR SUB-CLASS;

3  (f)  There is a community of interest in ensuring that the combined assets of
4  DEFENDANT are sufficient to adequately compensate the members of
5  the CALIFORNIA LABOR SUB-CLASS for the injuries sustained;

6  (g)  DEFENDANT has acted or refused to act on grounds generally applicable
7  to the CALIFORNIA LABOR SUB-CLASS, thereby making final class-
8  wide relief appropriate with respect to the CALIFORNIA LABOR SUB-
9  CLASS as a whole;

10  (h)  The members of the CALIFORNIA LABOR SUB-CLASS are readily
11  ascertainable from the business records of DEFENDANT.   The
12  CALIFORNIA LABOR SUB-CLASS consists of all CALIFORNIA
13  CLASS Members classified as non-exempt employees during the
14  CALIFORNIA LABOR SUB-CLASS PERIOD; and,

15  (i)  Class treatment provides manageable judicial treatment calculated to bring
16  a efficient and rapid conclusion to all litigation of all wage and hour
17  related claims arising out of the conduct of DEFENDANT as to the
18  members of the CALIFORNIA LABOR SUB-CLASS.

19

20  **FIRST CAUSE OF ACTION**
21  **For Unlawful Business Practices**
22  **[Cal. Bus. And Prof. Code §§ 17200, *et seq*.]**
23  **(By PLAINTIFFS and the CALIFORNIA CLASS and Against All Defendants)**

24  42.  PLAINTIFFS, and the other members of the CALIFORNIA CLASS, reallege and
25  incorporate by this reference, as though fully set forth herein, the prior paragraphs of this
26  Complaint.

27  43.  DEFENDANT is a "person" as that term is defined under Cal. Bus. and Prof.

28

1    Code § 17021.

2        44.    California Business & Professions Code §§ 17200, *et seq.* (the "UCL") defines

3    unfair competition as any unlawful, unfair, or fraudulent business act or practice. Section

4    17203 authorizes injunctive, declaratory, and/or other equitable relief with respect to unfair

5    competition as follows:

6        Any person who engages, has engaged, or proposes to engage in unfair
         competition may be enjoined in any court of competent jurisdiction. The court
7        may make such orders or judgments, including the appointment of a receiver, as
         may be necessary to prevent the use or employment by any person of any practice
8        which constitutes unfair competition, as defined in this chapter, or as may be
         necessary to restore to any person in interest any money or property, real or
9        personal, which may have been acquired by means of such unfair competition.

10    Cal. Bus. & Prof. Code § 17203.

11        45.    By the conduct alleged herein, DEFENDANT has engaged and continues to

12    engage in a business practice which violates California law, including but not limited to, the

13    applicable Wage Order(s), the California Code of Regulations and the California Labor Code

14    including Sections 204, 210, 226.7, 510, 512, 1194, 1197, 1197.1, 1198, and 2802, for which

15    this Court should issue declaratory and other equitable relief pursuant to Cal. Bus. & Prof. Code

16    § 17203 as may be necessary to prevent and remedy the conduct held to constitute unfair

17    competition, including restitution of wages wrongfully withheld.

18        46.    By the conduct alleged herein, DEFENDANT's practices were unlawful and

19    unfair in that these practices violated public policy, are immoral, unethical, oppressive,

20    unscrupulous or substantially injurious to employees, and are without valid justification or

21    utility for which this Court should issue equitable and injunctive relief pursuant to Section

22    17203 of the California Business & Professions Code, including restitution of wages wrongfully

23    withheld.

24        47.    By the conduct alleged herein, DEFENDANT's practices were deceptive and

25    fraudulent in that DEFENDANT's policy and practice failed to pay PLAINTIFFS, and other

26    members of the CALIFORNIA CLASS, minimum wages and overtime wages due for all time

27    worked, due to business practices that cannot be justified, pursuant to the applicable Cal. Lab.

28

FIRST AMENDED CLASS ACTION COMPLAINT

Code, and Industrial Welfare Commission requirements in violation of Cal. Bus. Code §§ 17200, *et seq.*, and for which this Court should issue injunctive and equitable relief, pursuant to Cal. Bus. & Prof. Code § 17203, including restitution of wages wrongfully withheld.

48.    By the conduct alleged herein, DEFENDANT's practices were also unlawful, unfair and deceptive in that DEFENDANT's employment practices caused PLAINTIFFS and the other members of the CALIFORNIA CLASS to be underpaid during their employment with DEFENDANT.

49.    By the conduct alleged herein, DEFENDANT's practices were also unfair and deceptive in that DEFENDANT's policies, practices and procedures failed to provide mandatory meal and/or rest breaks to PLAINTIFFS and the CALIFORNIA CLASS members.

50.    Therefore, PLAINTIFFS demand on behalf of themselves and on behalf of each CALIFORNIA CLASS member, one (1) hour of pay for each workday in which an off-duty meal period was not timely provided for each five (5) hours of work, and/or one (1) hour of pay for each workday in which a second off-duty meal period was not timely provided for each ten (10) hours of work.

51.    PLAINTIFFS demand on behalf of themselves and on behalf of each CALIFORNIA CLASS member, one (1) hour of pay for each workday in which an off duty paid rest period was not timely provided as required by law.

52.    By and through the unlawful and unfair business practices described herein, DEFENDANT has obtained valuable property, money and services from PLAINTIFFS and the other members of the CALIFORNIA CLASS and has deprived them of valuable rights and benefits guaranteed by law and contract, all to the detriment of these employees and to the benefit of DEFENDANT so as to allow DEFENDANT to unfairly compete against competitors who comply with the law.

53.    All the acts described herein as violations of, among other things, the Industrial Welfare Commission Wage Orders, the California Code of Regulations, and the California Labor Code, are unlawful and in violation of public policy, are immoral, unethical, oppressive

1   and unscrupulous, are deceptive, and thereby constitute unlawful, unfair and deceptive business

2   practices in violation of Cal. Bus. & Prof. Code §§ 17200, *et seq.*

3       54.    PLAINTIFFS and the other members of the CALIFORNIA CLASS are entitled

4   to, and do, seek such relief as may be necessary to restore to them the money and property

5   which DEFENDANT has acquired, or of which PLAINTIFFS and the other members of the

6   CALIFORNIA CLASS have been deprived, by means of the above described unlawful and

7   unfair business practices, including earned but unpaid wages for all overtime worked.

8       55.    PLAINTIFFS and the other members of the CALIFORNIA CLASS are further

9   entitled to, and do, seek a declaration that the described business practices are unlawful, unfair

10  and deceptive, and that injunctive relief should be issued restraining DEFENDANT from

11  engaging in any unlawful and unfair business practices in the future.

12      56.    PLAINTIFFS and the other members of the CALIFORNIA CLASS have no plain,

13  speedy and/or adequate remedy at law that will end the unlawful and unfair business practices

14  of DEFENDANT.  Further, the practices herein alleged presently continue to occur unabated.

15  As a result of the unlawful and unfair business practices described herein, PLAINTIFFS and

16  the other members of the CALIFORNIA CLASS have suffered and will continue to suffer

17  irreparable legal and economic harm unless DEFENDANT is restrained from continuing to

18  engage in these unlawful and unfair business practices.

19

20  **SECOND CAUSE OF ACTION**

21  **For Failure To Pay Overtime Compensation**

22  **[Cal. Lab. Code §§ 204, 510, 1194 and 1198]**

23  **(By Plaintiff Reynosa and the CALIFORNIA LABOR SUB-CLASS and Against All**

24  **Defendants)**

25      57.    Plaintiff Reynosa, and the other members of the CALIFORNIA LABOR SUB-

26  CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior

27  paragraphs of this Complaint.

28

FIRST AMENDED CLASS ACTION COMPLAINT

58.    Plaintiff Reynosa and the other members of the CALIFORNIA LABOR SUB-CLASS bring a claim for DEFENDANT's willful and intentional violations of the California Labor Code and the Industrial Welfare Commission requirements for DEFENDANT's failure to accurately calculate the applicable rates for all overtime worked by Plaintiff Reynosa and other members of the CALIFORNIA LABOR SUB-CLASS and DEFENDANT's failure to properly compensate the members of the CALIFORNIA LABOR SUB-CLASS for overtime worked, including, work performed in excess of eight (8) hours in a workday and/or forty (40) hours in any workweek.

59.    Pursuant to Cal. Lab. Code § 204, other applicable laws and regulations, and public policy, an employer must timely pay its employees for all hours worked.

60.    Cal. Lab. Code § 510 further provides that employees in California shall not be employed more than eight (8) hours per workday and/or more than forty (40) hours per workweek unless they receive additional compensation beyond their regular wages in amounts specified by law.

61.    Cal. Lab. Code § 1194 establishes an employee's right to recover unpaid wages, including overtime compensation and interest thereon, together with the costs of suit. Cal. Lab. Code § 1198 further states that the employment of an employee for longer hours than those fixed by the Industrial Welfare Commission is unlawful.

62.    During the CALIFORNIA LABOR SUB-CLASS PERIOD, Plaintiff Reynosa and CALIFORNIA LABOR SUB-CLASS Members were required, permitted or suffered by DEFENDANT to work for DEFENDANT and were not paid for all the time they worked, including overtime work. DEFENDANT maintained a wage practice of paying Plaintiff Reynosa and the other members of the CALIFORNIA LABOR SUB-CLASS without regard to the correct amount of overtime worked and correct applicable overtime rate for the amount of overtime they worked.  As set forth herein, DEFENDANT's policy and practice was to unlawfully and intentionally deny timely payment of wages due for the overtime worked by Plaintiff Reynosa and the other members of the CALIFORNIA LABOR SUB-CLASS, and

DEFENDANT in fact failed to pay these employees the correct applicable overtime wages for all overtime worked.

63.     DEFENDANT's unlawful wage and hour practices manifested, without limitation, applicable to the CALIFORNIA LABOR SUB-CLASS as a whole, as a result of implementing a policy and practice that denied accurate compensation to  Plaintiff Reynosa and the other members of the CALIFORNIA LABOR SUB-CLASS for all overtime worked, including, the work performed in excess of eight (8) hours in a workday and/or forty (40) hours in any workweek.

64.     In committing these violations of the California Labor Code, DEFENDANT inaccurately calculated the amount of overtime worked and the applicable overtime rates and consequently underpaid the actual time worked by Plaintiff Reynosa and other members of the CALIFORNIA LABOR SUB-CLASS.  DEFENDANT acts in an illegal attempt to avoid the payment of all earned wages, and other benefits in violation of the California Labor Code, the Industrial Welfare Commission requirements and other applicable laws and regulations.

65.     As a direct result of DEFENDANT's unlawful wage practices as alleged herein, Plaintiff Reynosa and the other members of the CALIFORNIA LABOR SUB-CLASS did not receive full compensation for all overtime worked.

66.     Cal. Lab. Code § 515 sets out various categories of employees who are exempt from the overtime requirements of the law.  None of these exemptions are applicable to Plaintiff Reynosa and the other members of the CALIFORNIA LABOR SUB-CLASS.  Further, Plaintiff Reynosa and the other members of the CALIFORNIA LABOR SUB-CLASS were not subject to a valid collective bargaining agreement that would preclude the causes of action contained herein this Complaint.  Rather, the Plaintiff Reynosa brings this Action on behalf of himself and the CALIFORNIA LABOR SUB-CLASS based on DEFENDANT's violations of non-negotiable, non-waiveable rights provided by the State of California.

67.     During the CALIFORNIA LABOR SUB-CLASS PERIOD, Plaintiff Reynosa and the other members of the CALIFORNIA LABOR SUB-CLASS were paid less for time worked

1  that they are entitled to, constituting a failure to pay all earned wages.

2       68.    DEFENDANT failed to accurately pay Plaintiff Reynosa and the other members

3  of the CALIFORNIA LABOR SUB-CLASS overtime wages for the time they work which is

4  in excess of the maximum hours permissible by law as required by Cal. Lab. Code §§ 510, 1194

5  & 1198, even though Plaintiff Reynosa and the other members of the CALIFORNIA LABOR

6  SUB-CLASS are required to work, and do in fact work, overtime as to which DEFENDANT

7  failed to accurately record and pay using the applicable overtime rate as evidenced by

8  DEFENDANT's business records and witnessed by employees.

9       69.    By virtue of DEFENDANT's unlawful failure to accurately pay all earned

10  compensation to Plaintiff Reynosa and the other members of the CALIFORNIA LABOR SUB-

11  CLASS for the true time they work, Plaintiff Reynosa and the other members of the

12  CALIFORNIA LABOR SUB-CLASS have suffered and will continue to suffer an economic

13  injury in amounts which are presently unknown to them and which will be ascertained

14  according to proof at trial.

15       70.    DEFENDANT knew or should have known that Plaintiff Reynosa and the other

16  members of the CALIFORNIA LABOR SUB-CLASS are under compensated for their overtime

17  worked.  DEFENDANT elected, either through intentional malfeasance or gross nonfeasance,

18  to not pay employees for their labor as a matter of company policy, practice and procedure, and

19  DEFENDANT perpetrated this scheme by refusing to pay Plaintiff Reynosa and the other

20  members of the CALIFORNIA LABOR SUB-CLASS the applicable overtime rate.

21       71.    In performing the acts and practices herein alleged in violation of California labor

22  laws, and refusing to compensate the members of the CALIFORNIA LABOR SUB-CLASS for

23  all time worked and provide them with the requisite overtime compensation, DEFENDANT

24  acted and continues to act intentionally, oppressively, and maliciously toward Plaintiff Reynosa

25  and the other members of the CALIFORNIA LABOR SUB-CLASS with a conscious of and

26  utter disregard for their legal rights, or the consequences to them, and with the despicable intent

27  of depriving them of their property and legal rights, and otherwise causing them injury in order

28

1   to increase company profits at the expense of these employees.

2        72.    Plaintiff Reynosa and the other members of the CALIFORNIA LABOR SUB-

3   CLASS therefore request recovery of all unpaid wages, including overtime wages, according

4   to proof, interest, statutory costs, as well as the assessment of any statutory penalties against

5   DEFENDANT, in a sum as provided by the California Labor Code and/or other applicable

6   statutes.  To the extent minimum and/or overtime compensation is determined to be owed to the

7   CALIFORNIA LABOR SUB-CLASS Members who have terminated their employment,

8   DEFENDANT's conduct also violates Labor Code §§ 201 and/or 202, and therefore these

9   individuals are also be entitled to waiting time penalties under Cal. Lab. Code § 203, which

10  penalties are sought herein on behalf of these CALIFORNIA LABOR SUB-CLASS Members.

11  DEFENDANT's conduct as alleged herein was willful, intentional and not in good faith.

12  Further, Plaintiff Reynosa and other CALIFORNIA LABOR SUB-CLASS Members are

13  entitled to seek and recover statutory costs.

14

15                  **THIRD CAUSE OF ACTION**

16                **For Failure To Pay Minimum Wages**

17              **[Cal. Lab. Code §§ 1194, 1197 and 1197.1]**

18        **(By Plaintiff Reynosa and the CALIFORNIA LABOR SUB-CLASS**

19                  **and Against All Defendants)**

20        73.    Plaintiff Reynosa, and the other members of the CALIFORNIA LABOR

21  SUB- CLASS, reallege and incorporate by this reference, as though fully set forth herein,

22  the prior paragraphs of this Complaint..

23        74.    Plaintiff Reynosa and the other members of the CALIFORNIA LABOR SUB-

24  CLASS bring a claim for DEFENDANT's willful and intentional violations of the

25  California Labor Code and the Industrial Welfare Commission requirements for

26  DEFENDANT's failure to accurately calculate and pay minimum wages to Plaintiff

27  Reynosa and CALIFORNIA CLASS Members.

28

75.     Pursuant to Cal. Lab. Code § 204, other applicable laws and regulations, and public policy, an employer must timely pay its employees for all hours worked.

76.     Cal. Lab. Code § 1197 provides the minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and the payment of a less wage than the minimum so fixed in unlawful.

77.     Cal. Lab. Code § 1194 establishes an employee's right to recover unpaid wages, including minimum wage compensation and interest thereon, together with the costs of suit.

78.     DEFENDANT maintained a wage practice of paying Plaintiff Reynosa and the other members of the CALIFORNIA LABOR SUB-CLASS without regard to the correct amount of time they work, including time spent engaging in work tasks while off the clock.  To the extent that these off-the-clock job tasks do not qualify for overtime premium payment, DEFENDANT failed to pay minimum wages for the time worked off-the-clock in violation of Cal. Lab. Code §§ 1194, 1197, and 1197.1.  As set forth herein, DEFENDANT's policy and practice was to unlawfully and intentionally deny timely payment of wages due to Plaintiff Reynosa and the other members of the CALIFORNIA LABOR SUB-CLASS.

79.     DEFENDANT's unlawful wage and hour practices manifested, without limitation, applicable to the CALIFORNIA LABOR SUB-CLASS as a whole, as a result of implementing a policy and practice that denied accurate compensation to Plaintiff Reynosa and the other members of the CALIFORNIA LABOR SUB-CLASS in regards to minimum wage pay.

80.     In committing these violations of the California Labor Code, DEFENDANT inaccurately calculated the correct time worked and consequently underpaid the actual time worked by Plaintiff Reynosa and other members of the CALIFORNIA  LABOR SUB-CLASS.  DEFENDANT acted in an illegal attempt to avoid the payment of all earned wages, and other benefits in violation of the California Labor Code, the Industrial Welfare

1   Commission requirements and other applicable laws and regulations.

2       81.    As a direct result of DEFENDANT's unlawful wage practices as alleged

3   herein, Plaintiff Reynosa and the other members of the CALIFORNIA LABOR SUB-

4   CLASS did not receive the correct minimum wage compensation for their time worked for

5   DEFENDANT.

6       82.    During the CALIFORNIA LABOR SUB-CLASS PERIOD, DEFENDANT

7   required, permitted or suffered Plaintiff Reynosa and CALIFORNIA LABOR SUB-CLASS

8   Members to work without paying them for all the time they were under DEFENDANT's

9   control.  During the CALIFORNIA LABOR SUB-CLASS PERIOD, Plaintiff Reynosa and

10  the other members of the CALIFORNIA LABOR SUB-CLASS were paid less for time

11  worked that they were entitled to, constituting a failure to pay all earned wages.

12      83.    By virtue of DEFENDANT's unlawful failure to accurately pay all earned

13  compensation to Plaintiff Reynosa and the other members of the CALIFORNIA LABOR

14  SUB-CLASS for the true time they work, Plaintiff Reynosa and the other members of the

15  CALIFORNIA LABOR SUB-CLASS have suffered and will continue to suffer an economic

16  injury in amounts which are presently unknown to them and which will be ascertained

17  according to proof at trial.

18      84.    DEFENDANT knew or should have known that Plaintiff Reynosa and the

19  other members of the CALIFORNIA LABOR SUB-CLASS were under compensated for

20  their time worked.  DEFENDANT  elected, either through intentional malfeasance or gross

21  nonfeasance, to not pay employees for their labor as a matter of company policy, practice

22  and procedure, and DEFENDANT perpetrated this scheme by refusing to pay Plaintiff

23  Reynosa and the other members of the CALIFORNIA LABOR SUB-CLASS the correct

24  minimum wages for their time worked.

25      85.    In performing the acts and practices herein alleged in violation of California

26  labor laws, and refusing to compensate the members of the CALIFORNIA LABOR SUB-

27  CLASS for all time worked and provide them with the requisite compensation,

28

FIRST AMENDED CLASS ACTION COMPLAINT

1  DEFENDANT acted and continues to act intentionally, oppressively, and maliciously

2  toward Plaintiff Reynosa and the other members of the CALIFORNIA LABOR SUB-

3  CLASS with a conscious of and utter disregard for their legal rights, or the consequences to

4  them, and with the despicable intent of depriving them of their property and legal rights, and

5  otherwise causing them injury in order to increase company profits at the expense of these

6  employees.

7        86.    Plaintiff Reynosa and the other members of the CALIFORNIA LABOR SUB-

8  CLASS therefore request recovery of all unpaid wages, according to proof, interest,

9  statutory costs, as well as the assessment of any statutory penalties against DEFENDANT,

10 in a sum as provided by the California Labor Code and/or other applicable statutes.  To the

11 extent minimum wage compensation is determined to be owed to the CALIFORNIA

12 LABOR SUB-CLASS Members who have terminated their employment, DEFENDANT's

13 conduct also violates Labor Code §§ 201 and/or 202, and therefore these individuals are also

14 be entitled to waiting time penalties under Cal. Lab. Code § 203, which penalties are sought

15 herein on behalf of these CALIFORNIA LABOR SUB-CLASS Members.  DEFENDANT's

16 conduct as alleged herein was willful, intentional and not in good faith.  Further, Plaintiff

17 Reynosa and other CALIFORNIA LABOR SUB-CLASS Members are entitled to seek and

18 recover statutory costs.

19

20              **FOURTH CAUSE OF ACTION**

21           **For Failure to Provide Required Meal Periods**

22              **[Cal. Lab. Code §§ 226.7 & 512 ]**

23 **(By Plaintiff Reynosa and the CALIFORNIA LABOR SUB-CLASS and Against All**

24                  **Defendants)**

25        87.    Plaintiff Reynosa, and the other members of the CALIFORNIA LABOR

26 SUB-CLASS, reallege and incorporate by this reference, as though fully set forth herein, the

27 prior paragraphs of this Complaint.

28

88.     During the CALIFORNIA CLASS PERIOD, from time to time, DEFENDANT failed to provide all the legally required off-duty meal breaks to Plaintiff Reynosa and the other CALIFORNIA LABOR SUB-CLASS Members as required by the applicable Wage Order and Labor Code.  The nature of the work performed by Plaintiff Reynosa and CALIFORNIA LABOR SUB-CLASS MEMBERS did not prevent these employees from being relieved of all of their duties for the legally required off-duty meal periods.  As a result of their rigorous work schedules and DEFENDANT's loss prevention inspection policy, Plaintiff Reynosa and other CALIFORNIA LABOR SUB-CLASS Members were from time to time not fully relieved of duty by DEFENDANT for their meal periods.  Additionally, DEFENDANT's failure to provide Plaintiff Reynosa and the CALIFORNIA LABOR SUB-CLASS Members with legally required meal breaks prior to their fifth (5th) hour of work is evidenced by DEFENDANT's business records from time to time.  As a result, Plaintiff Reynosa and other members of the CALIFORNIA LABOR SUB-CLASS therefore forfeited meal breaks without additional compensation and in accordance with DEFENDANT's corporate policy and practice.

89.     DEFENDANT further violated California Labor Code §§ 226.7 and the applicable IWC Wage Order by failing to compensate Plaintiff Reynosa and CALIFORNIA LABOR SUB-CLASS Members who were not provided a meal period, in accordance with the applicable Wage Order, one additional hour of compensation at each employee's regular rate of pay for each workday that a meal period was not provided.

90.     As a proximate result of the aforementioned violations, Plaintiff Reynosa and CALIFORNIA LABOR SUB-CLASS Members have been damaged in an amount according to proof at trial, and seek all wages earned and due, interest, penalties, expenses and costs of suit.

///

///

///

FIRST AMENDED CLASS ACTION COMPLAINT

# FIFTH CAUSE OF ACTION

## For Failure to Provide Required Rest Periods

## [Cal. Lab. Code §§ 226.7 & 512 ]

## (By Plaintiff Reynosa and the CALIFORNIA LABOR SUB-CLASS and Against All Defendants)

91.     Plaintiff Reynosa, and the other members of the CALIFORNIA LABOR SUB-CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

92.     Plaintiff Reynosa and other CALIFORNIA LABOR SUB-CLASS Members were from time to time required to work in excess of four (4) hours without being provided ten (10) minute rest periods.  Further, these employees were denied their first rest periods of at least ten (10) minutes for some shifts worked of at least two (2) to four (4) hours, a first and second rest period of at least ten (10) minutes for some shifts worked of between six (6) and eight (8) hours, and a first, second and third rest period of at least ten (10) minutes for some shifts worked of ten (10) hours or more.  Plaintiff Reynosa and other CALIFORNIA LABOR SUB-CLASS Members were also not provided with one hour wages in lieu thereof. As a result of their rigorous work schedules, Plaintiff Reynosa and other CALIFORNIA LABOR SUB-CLASS Members were periodically denied their proper rest periods by DEFENDANT and DEFENDANT's managers.

93.     DEFENDANT further violated California Labor Code §§ 226.7 and the applicable IWC Wage Order by failing to compensate Plaintiff Reynosa and CALIFORNIA LABOR SUB-CLASS Members who were not provided a rest period, in accordance with the applicable Wage Order, one additional hour of compensation at each employee's regular rate of pay for each workday that rest period was not provided.

94.     As a proximate result of the aforementioned violations, Plaintiff Reynosa and CALIFORNIA LABOR SUB-CLASS Members have been damaged in an amount according to proof at trial, and seek all wages earned and due, interest, penalties, expenses and costs of

1    suit.

2                          **SIXTH CAUSE OF ACTION**

3                        **For Failure to Pay Wages When Due**

4                        **[Cal. Lab. Code §§ 201, 202, 203]**

5    **(By Plaintiff Reynosa and the CALIFORNIA LABOR SUB-CLASS and Against All**

6                                    **Defendants)**

7           95.    Plaintiff Reynosa, and the other members of the CALIFORNIA LABOR

8    SUB-CLASS, reallege and incorporate by reference, as though fully set forth herein, the

9    prior paragraphs of this Complaint.

10          96.    Cal. Lab. Code § 200 provides that:

11          As used in this article:

12          (a) "Wages" includes all amounts for labor performed by employees of every
            description, whether the amount is fixed or ascertained by the standard of
13          time, task, piece, Commission basis, or other method of calculation.

14          (b) "Labor" includes labor, work, or service whether rendered or performed
            under contract, subcontract, partnership, station plan, or other agreement if the
15          labor to be paid for is performed personally by the person demanding
            payment.
16
            97.    Cal. Lab. Code § 201 provides, in relevant part, that "If an employer
17
     discharges an employee, the wages earned and unpaid at the time of discharge are due and
18
     payable immediately."
19
            98.    Cal. Lab. Code § 202 provides, in relevant part, that:
20
            If an employee not having a written contract for a definite period quits his or
21          her employment, his or her wages shall become due and payable not later than
            72 hours thereafter, unless the employee has given 72 hours previous notice of
22          his or her intention to quit, in which case the employee is entitled to his or her
            wages at the time of quitting. Notwithstanding any other provision of law, an
23          employee who quits without providing a 72-hour notice shall be entitled to
            receive payment by mail if he or she so requests and designates a mailing
24          address. The date of the mailing shall constitute the date of payment for
            purposes of the requirement to provide payment within 72 hours of the notice
25          of quitting.

26          99.    There was no definite term in Plaintiff Reynosa's or any CALIFORNIA

27   LABOR SUB-CLASS Members' employment contract.

28
                                          38
     _____

100.    Cal. Lab. Code § 203 provides:

If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days.

101.    The employment of Plaintiff Reynosa and many CALIFORNIA LABOR SUB-CLASS Members has terminated and DEFENDANT has not tendered payment of wages, to these employees who missed meal and rest breaks, as required by law.

102.    Therefore, as provided by Cal Lab. Code § 203, on behalf of himself and the members of the CALIFORNIA LABOR SUB-CLASS whose employment has terminated, Plaintiff Reynosa demands up to thirty days of pay as penalty for not paying all wages due at time of termination for all employees who terminated employment during the CALIFORNIA LABOR SUB-CLASS PERIOD, and demands an accounting and payment of all wages due, plus interest and statutory costs as allowed by law.

## SEVENTH CAUSE OF ACTION

### For Failure to Reimburse Employees for Required Expenses

### [Cal. Lab. Code § 2802]

### (By Plaintiff Reynosa and the CALIFORNIA LABOR SUB-CLASS and Against All Defendants)

103.    Plaintiff Reynosa and the other CALIFORNIA LABOR SUB-CLASS members reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

104.    Cal. Lab. Code § 2802 provides, in relevant part, that:

An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful.

105.    At all relevant times herein, DEFENDANT violated Cal. Lab. Code § 2802,

39

1   by failing to indemnify and reimburse Plaintiff Reynosa and the CALIFORNIA LABOR

2   SUB-CLASS members for required expenses incurred in the discharge of their job duties for

3   DEFENDANT's benefit.  DEFENDANT failed to reimburse Plaintiff Reynosa and the

4   CALIFORNIA LABOR SUB-CLASS members for expenses which included, but were not

5   limited to, costs related to using their personal cellular phones all on behalf of and for the

6   benefit of DEFENDANT.  Specifically, Plaintiff Reynosa and other CALIFORNIA LABOR

7   SUB-CLASS Members were required by DEFENDANT to use their personal cell phones to

8   respond to work related issues.  DEFENDANT's policy, practice and procedure was to not

9   reimburse Plaintiff Reynosa and the CALIFORNIA LABOR SUB-CLASS members for

10  expenses resulting from using their personal cellular phones for DEFENDANT within the

11  course and scope of their employment for DEFENDANT.  These expenses were necessary

12  to complete their principal job duties. DEFENDANT is estopped  by DEFENDANT's

13  conduct to assert any waiver of this expectation.  Although these expenses were necessary

14  expenses incurred by Plaintiff Reynosa and the CALIFORNIA LABOR SUB-CLASS

15  members, DEFENDANT failed to indemnify and reimburse Plaintiff Reynosa and the

16  CALIFORNIA LABOR SUB-CLASS members for these expenses as an employer is

17  required to do under the laws and regulations of California.

18      106.    Plaintiff Reynosa therefore demands reimbursement for expenditures or losses

19  incurred by them and the CALIFORNIA LABOR SUB-CLASS members in the discharge of

20  their  job duties for DEFENDANT, or their obedience to the directions of DEFENDANT,

21  with interest at the statutory rate and costs under Cal. Lab. Code § 2802.

22              **EIGHTH CAUSE OF ACTION**

23       **For Failure to Provide Accurate Itemized Statements**

24              **[Cal. Lab. Code § 226]**

25  **(By Plaintiff Patton and the CALIFORNIA LABOR SUB-CLASS and Against All**

26                  **Defendants)**

27      107.    Plaintiff Patton, and the other members of the CALIFORNIA LABOR SUB-

28

1  CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior

2  paragraphs of this Complaint.

3      108.    Cal. Labor Code § 226 provides that an employer must furnish employees with
an "accurate itemized" statement in writing showing:

4      (1) gross wages earned,
       (2) total hours worked by the employee, except for any employee whose compensation

5      is solely based on a salary and who is exempt from payment of overtime under
       subdivision (a) of Section 515 or any applicable order of the Industrial Welfare

6      Commission,
       (3) the number of piecerate units earned and any applicable piece rate if the employee

7      is paid on a piece-rate basis,
       (4) all deductions, provided that all deductions made on written orders of the employee

8      may be aggregated and shown as one item,
       (5) net wages earned,

9      (6) the inclusive dates of the period for which the employee is paid,
       (7) the name of the employee and his or her social security number, except that by

10     January 1, 2008, only the last four digits of his or her social security number or an
       employee identification number other than a social security number may be shown on

11     the itemized statement,
       (8) the name and address of the legal entity that is the employer, and

12     (9) all applicable hourly rates in effect during the pay period and the corresponding
       number of hours worked at each hourly rate by the employee.

13     109.    Cal. Lab. Code § 226 provides that every employer shall furnish each of his or

14  her employees with an accurate itemized wage statement in writing showing, among other

15  things, gross wages earned and all applicable hourly rates in effect during the pay period and

16  the corresponding amount of time worked at each hourly rate. From time to time,

17  DEFENDANT violated Cal. Lab. Code § 226 by failing to provide wage statements that

18  identified the correct gross and net wages earned.  Aside from the violations listed above in this

19  paragraph, DEFENDANT failed to issue to Plaintiff Patton an itemized wage statement that lists

20  all the requirements under California Labor Code 226 *et seq*.  As a result, from time to time

21  DEFENDANT provided Plaintiff Patton and the other members of the CALIFORNIA LABOR

22  SUB-CLASS with wage statements which violated Cal. Lab. Code § 226.

23     110.    DEFENDANT knowingly and intentionally failed to comply with Cal. Labor

24  Code § 226, causing injury and damages to Plaintiff Patton and the other members of the

25  CALIFORNIA LABOR SUB-CLASS.  These damages include, but are not limited to, costs

26  expended calculating the correct rates for the overtime worked and the amount of employment

27  taxes which were not properly paid to state and federal tax authorities.  These damages are

28

41
FIRST AMENDED CLASS ACTION COMPLAINT

difficult to estimate. Therefore, Plaintiff Patton and the other members of the CALIFORNIA LABOR SUB-CLASS may elect to recover liquidated damages of fifty dollars ($50.00) for the initial pay period in which the violation occurred, and one hundred dollars ($100.00) for each violation in a subsequent pay period pursuant to Cal. Lab. Code § 226, in an amount according to proof at the time of trial (but in no event more than four thousand dollars ($4,000.00) for Plaintiff Patton and each respective member of the CALIFORNIA LABOR SUB-CLASS herein).

## **PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFFS pray for judgment against each Defendant, jointly and severally, as follows:

1. On behalf of the CALIFORNIA CLASS:

    A) That the Court certify the First Cause of Action asserted by the CALIFORNIA CLASS as a class action pursuant to Fed R. Civ. Proc. 23(b)(2) and/or (3);

    B) An order temporarily, preliminarily and permanently enjoining and restraining DEFENDANT from engaging in similar unlawful conduct as set forth herein;

    C) An order requiring DEFENDANT to pay all wages and all sums unlawfuly withheld from compensation due to Plaintiff Reynosa and the other members of the CALIFORNIA CLASS; and,

    D) Restitutionary disgorgement of DEFENDANT's ill-gotten gains into a fluid fund for restitution of the sums incidental to DEFENDANT's violations due to Plaintiff Reynosa and to the other members of the CALIFORNIA CLASS.

2. On behalf of the CALIFORNIA LABOR SUB-CLASS:

    A) That the Court certify the Second, Third, Fourth, Fifth, Sixth, Seventh and Eighth Causes of Action asserted by the CALIFORNIA LABOR SUB-CLASS as a class action pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3);

    B) Compensatory damages, according to proof at trial, including compensatory

damages for minimum wages and overtime compensation due Plaintiff Reynosa and the other members of the CALIFORNIA LABOR SUB-CLASS, during the applicable CALIFORNIA LABOR SUB-CLASS PERIOD plus interest thereon at the statutory rate;

C)   Meal and rest period compensation pursuant to California Labor Code Section 226.7 and the applicable IWC Wage Order;

D)   For liquidated damages pursuant to California Labor Code Sections 1194.2 and 1197;

E)   The amount of the expenses Plaintiff Reynosa and each member of the CALIFORNIA LABOR SUBCLASS incurred in the course of their job duties, plus interest, and costs of suit;

F)   The wages of all terminated employees from the CALIFORNIA LABOR SUB-CLASS as a penalty from the due date thereof at the same rate until paid or until an action therefore is commenced, in accordance with Cal. Lab. Code § 203;

G)   The greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per each member of the CALIFORNIA LABOR SUB-CLASS for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and an award of costs for violation of Cal. Lab. Code § 226.

3.   On all claims:

A)   An award of interest, including prejudgment interest at the legal rate;

B)   Such other and further relief as the Court deems just and equitable; and,

C)   An award of penalties, attorneys' fees and cost of suit, as allowable under the law, including, but not limited to, pursuant to Labor Code §1194, and/or §2802.

FIRST AMENDED CLASS ACTION COMPLAINT

1   Dated: October 28, 2021          BLUMENTHAL NORDREHAUG BHOWMIK DE BLOUW LLP

2

3                                    By:      */s/ Norman B. Blumenthal*
                                             Norman B. Blumenthal
4                                            Attorneys for Plaintiffs

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FIRST AMENDED CLASS ACTION COMPLAINT

1

## **DEMAND FOR A JURY TRIAL**

2      PLAINTIFFS demand a jury trial on issues triable to a jury.

3

4  Dated: October 28, 2021      BLUMENTHAL NORDREHAUG BHOWMIK DE

5                        BLOUW LLP

6

7              By:   */s/ Norman B. Blumenthal*
                    Norman B. Blumenthal

8                    Attorneys for Plaintiffs

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

45